UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>KEMPER CORP., et al.,<br><br>    Defendants. | Case No. 24-cv-04183-JD<br><br>**ORDER RE DISMISSAL** |

The gravamen of plaintiff George Austin's allegations and claims against defendant Kemper Corp. is that, after Austin was injured in a car accident by a Kemper-insured driver, Kemper discriminated against Austin by refusing to agree to a settlement because of his race. *See* Dkt. No. 34 (FAC) at ECF 8-9, 11-13, 24-31; Dkt. No. 71 ¶¶ 3-4. Essentially the same allegations and claims were dismissed by another judge in this District for failing to state a claim upon which relief could be granted. *See Austin v. Kemper Corp.*, 21-cv-03208-SI, Dkt. Nos. 80, 95. In these circumstances, because Austin presses claims that "were raised *or could have been raised*" in that prior case, his present suit is barred by *res judicata*. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 711 (9th Cir. 2001)).

Austin says that he is only alleging claims for injuries beginning on December 16, 2021, after the date on which his prior suit was dismissed. This makes no difference for preclusion. The claims are again based on Kemper's alleged failure to act following his car accident, and flow from the same alleged wrongdoing. Austin also does not explain why misrepresentations Kemper allegedly made to third parties in a wholly separate proceedings should matter for claim preclusion. Even if the Court considers Austin's second amended complaint (SAC), Dkt. Nos.

1  109, 114, none of the amended allegations cure that deficiency. Consequently, Austin's claims
2  against Kemper are barred by *res judicata*.

3  Austin also sued individuals Ricardo Lara, California state Insurance Commissioner, and
4  Diane Kaneyuki and Kevork Artinian, employees of the California Department of Insurance
5  (CDI). *See* FAC at ECF 1, 32-39, 68-80. The FAC did not plausibly alleges facts for a claim
6  upon which relief can be granted for the CDI defendants. With respect to Austin's Equal
7  Protection-based claim, the FAC is bereft of any facts providing a non-speculative basis for
8  concluding that the individual defendants acted on the basis of Austin's race. *See Lee v. City of*
9  *Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). For the Due-Process-based claim, in response to
10 the CDI defendants' motion to dismiss, Austin did not identify any authority for the proposition
11 that he has a due-process right to have the state agency conduct an investigation in the way he
12 prefers. *See* Dkt. No. 100. The FAC also does not contain any plausible allegations of a
13 conspiracy between the CDI defendants and Kemper to deprive Austin of his rights. Nor are there
14 any non-conclusory allegations with respect to Lara's participation in the alleged wrongdoing,
15 especially when the allegations of wrongdoing themselves are legally insufficient. The SAC's
16 allegations did not fill in these shortfalls.

17 Consequently, defendants' motions to dismiss, Dkt. Nos. 59, 91, are granted. Further,
18 because Austin has already offered two complaints in this action, further amendment would be
19 futile, and the case is dismissed with prejudice.

20 **IT IS SO ORDERED.**

21 Dated: February 13, 2025

JAMES DONATO
United States District Judge